Wendy MILLER, Plaintiff,

v.

**DAIMLER CHRYSLER CORPORATION, a corporation of the State of Delaware, Defendant.**

**Civ.A. No. 01–827 JJF.**

United States District Court, D. Delaware.

Dec. 15, 2003.

Martin Duane Haverly, Martin D. Haverly, Attorney at Law, Thomas S. Neuberger, Thomas S. Neuberger, P.A., Wilmington, DE, for Plaintiff Wendy Miller.

Richard W. Pell, Tybout, Redfearn & Pell, David E. Brand, Allyson A. McKenzie, Prickett, Jones & Elliott, Wilmington, DE, for Daimler Chrysler Corporation.

## *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court is a Motion For Further Discovery Based Upon Documents Received Pursuant To Subpoena Of U.A.W. Local 1183 filed by Plaintiff Wendy Miller. (D.I. 87.) For the reasons discussed, the Court will grant Plaintiff's Motion.

## BACKGROUND

Plaintiff Wendy Miller, a former employee of Daimler Chrysler Corporation ("Daimler Chrysler"), alleges that Daimler Chrysler fired her because of her race. Daimler Chrysler moved for summary judgment, and in connection with her answer to Daimler Chrysler's summary judgment motion, Plaintiff filed the instant Rule 56(f) motion. By her Motion (D.I. 87), Plaintiff seeks an addi-tional sixty days during which she may pursue discovery.

## DISCUSSION

Plaintiff contends that she had insufficient information by which to effectively question a witness she deposed. Plaintiff further contends that she did not depose a number of witnesses because she did not have the factual basis to formulate questions necessary to effectively depose them. Plaintiff contends that without this additional deposition testimony she does not have a complete record to oppose Daimler Chrysler's summary judgment motion.

In response, Daimler Chrysler contends that Plaintiff has not established that she is entitled to further discovery under Rule 56(f). Daimler Chrysler contends that the information Plaintiff seeks is irrelevant and will not lead to the discovery of evidence that would preclude summary judgment. Further, Daimler Chrysler contends that Plaintiff has not been diligent in her pursuit of discovery.

Rule 56(f) of the Federal Rules of Civil Procedure requires a party seeking further discovery in response to a summary judgment motion to submit an affidavit stating " 'with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not been previously obtained.' " *Bradley v. United States,* 299 F.3d 197, 206–07 (3d Cir. 2002) (quoting *St. Surin v. Virgin Islands Daily News, Inc.,* 21 F.3d 1309, 1315 (3d Cir.1994)). The decision whether a Rule 56(f) motion should be granted is within the discretion of the district court. *Contractors Ass'n of E. Pennsylvania, Inc. v. City of Philadelphia,* 945 F.2d 1260, 1267 (3d Cir. 1991) (citing *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir.1986)). Applying these principles to the facts in the instant case, the Court finds that Plaintiff's Rule 56(f) Motion should be granted because Plaintiff's Rule 56(f) affidavit (D.I. 91) establishes the three *Bradley* factors.

With respect to the first *Bradley* factor, the Court finds that the Rule 56(f) affidavit specifies the information Plaintiff seeks. The

Rule 56(f) affidavit states that Plaintiff seeks information regarding the race of comparators, the facts surrounding incidents for which comparators were or were not disciplined, and whether potential comparators should be considered as comparators in the instant case.

The Rule 56(f) affidavit also contends that this information could preclude summary judgment. Daimler Chrysler moved for summary judgment on the grounds that Plaintiff has not established a prima facie case of discrimination and because Daimler Chrysler has provided a legitimate non-discriminatory reason for Plaintiff's termination. (D.I. 66). The information Plaintiff seeks, if established, could prevent the entry of summary judgment because it would provide information sufficient for Plaintiff's prima facie case and rebut, as pretextual, Daimler Chrysler's reason for firing her. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

In sum, the Court concludes that Plaintiff has adequately established that she is entitled to further discovery pursuant to Rule 56(f). Accordingly, the Court will grant' Plaintiff's request for an additional sixty days to conduct discovery.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 15th day of December, 2003, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) Plaintiff's Motion For Further Discovery Based Upon Documents Received Pursuant To Subpoena Of U.A.W. Local 1183 (D.I. 87) is *GRANTED;*

2) Plaintiff is allowed sixty (60) days to conduct further discovery;

3) Daimler Chrysler Corporation's Motion For Summary Judgment (D.I. 65) is *DENIED* with leave to renew upon the expiration of the sixty day discovery extension.